IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER NATHANIEL WASHINGTON,

        **Plaintiff,**

  v.                            CASE NO. 12-3223-SAC

KAREN M. HUMPHREYS, et al.,

        **Defendants.**

CHRISTOPHER NATHANIEL WASHINGTON,

        **Plaintiff,**

  v.                            CASE NO. 12-3224-SAC

KAREN M. HUMPHREYS,

        **Defendant.**

CHRISTOPHER NATHANIEL WASHINGTON,

        **Petitioner,**

  v.                            CASE NO. 12-3225-SAC

JOHN DOE, Warden, et al.,

        **Respondents.**

CHRISTOPHER NATHANIEL WASHINGTON,

        **Petitioner,**

  v.                            Case No. 12-3226-SAC

JOHN DOE, Warden,

        **Respondent.**

### **O R D E R**

    These four matters were filed with the court by a prisoner incarcerated in the California Correctional Institution, Tehachapi, California. Plaintiff proceeds pro se, and the court grants leave to

proceed in forma pauperis. The court has conducted a preliminary review of the pleadings and, due to the strong similarity of these actions, enters a single order to enter its ruling.

**Background**

On February 13, 2012, plaintiff commenced a civil action in this district against Mary Correia alleging breach of contract and fraud. Case No. 12-1056-JTM-KMH. On September 10, 2012, Magistrate Judge Humphreys entered an order in that matter denying plaintiff's motions for expedited discovery.

On October 25, 2012, the clerk of the court received and docketed four form pleadings prepared by the plaintiff, namely, a civil action filed pursuant to 42 U.S.C. § 1983, Case No. 12-3223; a civil action filed pursuant to 28 U.S.C. § 1331, Case No. 12-3224; a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, Case No. 12-3225; and a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241, Case No. 12-3226. In each case, plaintiff asserts essentially the same claim, namely, that Magistrate Judge Humphreys violated his right to due process by denying expedited discovery in Case No. 12-1056.

**Screening**

The court's initial review of these matters, as required by 28 U.S.C. § 1915A(a)-(b), has identified several bases for the summary dismissal of these actions.

First, Magistrate Judge Humphreys has absolute judicial immunity for acts taken in her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). The doctrine of absolute immunity developed "because it was in the public interest to have judges who were at liberty to exercise their independent judgment about the merits of a case" without the threat of civil litigation by dissatisfied

litigants. *Dennis v. Sparks*, 449 U.S. 24, 31 (1980). The ruling plaintiff challenges was clearly an act taken in Magistrate Judge Humphreys' judicial capacity, and there is no arguable basis to allow a claim against her to proceed.

Next, a petition for habeas corpus under 28 U.S.C. § 2254 is a remedy to challenge the validity of a state court judgment or sentence. In contrast, a petition for habeas corpus under 28 U.S.C. § 2241 is a remedy to challenge the execution of a sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)("an action is properly brought under § 2254 as a challenge to the validity of [a prisoner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence."). Plaintiff's pleadings identified as applications for habeas corpus identify no such grounds of relief, and instead, assert claims concerning the denial of discovery in Case No. 12-1056. These matters also fail to state a claim for relief.

Finally, it is improper for a judge to enter an order in a pending matter assigned to another judicial officer. Rather, plaintiff should present any response concerning the ruling on discovery in Case No. 12-1056. The court takes judicial notice that since he filed the present actions, plaintiff has submitted an objection to the order denying discovery in that matter.[1]

Accordingly, the court will summarily dismiss these matters as barred by judicial immunity and for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for leave to proceed in forma pauperis (Doc. 2) are granted in each case contained in the caption.

---

[1] *See attachment*, Doc. 25, Case No. 12-1056, (filed November 2, 2012).

IT IS FURTHER ORDERED these matters are summarily dismissed for failure to state a claim upon which relief may be granted and upon the absolute judicial immunity of Judge Humphreys.

**IT IS SO ORDERED.**

DATED: This 6th day of November, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge